[Crim. No. 8217.   Second Dist., Div. Three.   Mar. 28, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. HENRY JOSEPH YNOSTROZA, Defendant and Appellant.

Henry Joseph Ynostroza, in pro. per., Bradford A. Arthur and Ruffo Espinosa for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and George W. Kell, Deputy Attorney General, for Plaintiff and Respondent.

FILES, J.—Defendant was charged in count I with violation of Health and Safety Code, section 11531 (offering, selling or furnishing marijuana), and in count II with violation of section 11530.5 (possessing marijuana for sale). The jury convicted him on count I and acquitted on count II.

Evidence in the record which supports the judgment will be stated briefly. One evening about 7 p.m. officers went to the home of Olivia Mae Hawkins and arrested her on a narcotics charge. She agreed to assist the officers to apprehend her source. She telephoned defendant and told him that she had a chance to make "a little change" and asked, "Do you think you can do that for me tonight?" Defendant asked, "What did you want?" and Miss Hawkins replied, "One." Defendant agreed to call back. The officers recorded this telephone conversation with Miss Hawkins' consent.

At about 10 p.m. defendant came to Miss Hawkins' door. The officers were concealed inside. Defendant asked her if she had money, and told her she should get a car and follow him.

Two officers accompanied Miss Hawkins in an automobile as they followed defendant for several blocks. She drove and the officers concealed themselves in the back seat. The officers gave Miss Hawkins $100 in marked money. Two other officers followed at a distance in another automobile. When defendant stopped and got out of his car, Miss Hawkins also stopped and got out. She approached defendant on the street and handed him the $100. Defendant then drove away. About 10:30 or 11 p.m. defendant was seen returning on foot, carrying a package under his arm. When he was about 50

feet away he placed the package on the sidewalk. The officers then came out of hiding and arrested defendant. The package was found to contain marijuana.

Defendant testified on his own behalf and admitted having had the telephone conversation with Miss Hawkins, but asserted that the subject of the conversation was prostitution, not narcotics. He denied any knowledge of the $100 or the package of marijuana. Despite the conflict, the evidence is clearly sufficient to support the judgment.

Defendant's brief dwells largely upon the subject of illegal arrest and the coercion of Miss Hawkins. There is nothing in the record to suggest that her arrest was illegal. She and the officers testified that she cooperated willingly. She conceded that she was motivated by the hope that her contribution to law enforcement would benefit her in the disposition of her own case. This was a matter for the jury to consider in weighing her testimony, but does not operate to immunize defendant when the jury is convinced from the whole evidence that he is guilty. The delay in transporting Miss Hawkins to jail and booking her was, under the evidence here, the result of mutual consent and therefore cannot be characterized as an infringement of her rights.

After the first two briefs had been filed in this appeal, defendant changed attorneys. His new counsel filed a closing brief arguing for the first time that the evidence of the telephone conversation between Miss Hawkins and defendant constituted illegally obtained evidence. His theory is that the officers violated the Federal Communications Act (47 U.S.C. §§ 501, 605) and California Penal Code, section 640. This theory was rejected in *People* v. *Malotte,* 46 Cal.2d 59 [292 P.2d 517], which holds that it is not necessarily a violation of either of the cited statutes for an officer to hear and record a telephone conversation with the consent of one of the parties. In *Rathbun* v. *United States,* 355 U.S. 107 [78 S.Ct. 161, 2 L.Ed.2d 134], evidence of this type was held to be admissible, where the officer listened to a telephone conversation with the consent of one party but without the knowledge of the defendant.

Furthermore, defendant made no objection upon the ground that it was improper for the officer to listen to the conversation. At one point, when no question was pending, defendant's counsel stated, "I would object on the basis that there was not a voluntary consent . . . ," but he made no objection whatever when the conversation was offered and re-

ceived. For this additional reason he cannot complain of it on appeal. (*People* v. *Rojas,* 55 Cal.2d 252, 260 [10 Cal.Rptr. 465, 385 P.2d 921].)

The judgment is affirmed.

Shinn, P. J., and Ford, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 22, 1963.